(No. 13297.—Decree affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS *vs.* LEONARD BANKS *et al.* Appellees.—(JOHN F. WELCH, Appellant.)

*Opinion filed October 23, 1920.*

1. TAX DEEDS—*petition for tax deed cannot be amended after affirmance of a judgment holding it insufficient.* Where the Supreme Court affirms a judgment of the lower court holding that a petition for a tax deed is not sufficient the petitioner cannot amend his petition in a second proceeding, but must, if he is entitled to another hearing, proceed by a new petition.

2. SAME—*when section 211 of Revenue act does not have effect of extending time for notice of purchase required by section 216.* Where neither the purchaser at a tax sale nor his assignee gives notice of purchase within the time required by ·section 216 of the Revenue act, the assignee, who gives notice under a second sale, is not entitled to a deed or redemption money on the ground that section 211 of the act extends the time for redemption two years from the date of the second sale or forfeiture, where the second sale is not held "before the expiration of the last day of the second annual sale" after the first sale, as provided in section 211.

3. SAME—*when certificate of purchase, and sale on which it is based, are void.* If the purchaser at a sale foreclosing a tax lien on land assigns the certificate of purchase and the land is again forfeited to the State for unpaid taxes for the two following years,

the assignee must give the notice necessary to redemption under section 216 of the Revenue act within two years from the first forfeiture to the State, or the certificate of sale, and the sale on which it is based, are void.

4. SAME—*alleged fraud of original holder of the certificate of purchase will not excuse laches of assignee with respect to notice.* Where the petitioner for a tax deed, who is the assignee of a certificate of purchase, fails to give notice of the purchase within the time required by section 216 of the Revenue act, alleged fraud of the original holder of the certificate whereby the assignee loses his deed or redemption money will not excuse the *laches* of the assignee and cannot be considered under his petition.

APPEAL from the Circuit Court of Adams county; the Hon. HARRY HIGBEE, Judge, presiding.

C. M. PEIRCE, and W. W. WHITMORE, for appellant.

HUBBARD & GROVES, for appellees.

J. T. INGHRAM, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The matters involved in this case have been twice before this court heretofore. The first trial resulted in the decision reported in *People* v. *Banks,* 272 Ill. 502. We refer to that opinion for a complete statement of facts in the case as they existed when that decision was made. Later the order of affirmance was filed in the circuit court, and appellant, John F. Welch, filed what he called his new and amended petition in the circuit court of Adams county, in which he undertook to state the facts more in detail concerning the giving of notice by him under section 216 of the Revenue act, and which petition he now claims is sufficient in every particular to entitle him to a deed under the provisions of said section and under section 211 of the same act. Two of the appellees, the county collector and treasurer of the county and Della M. Armstrong, filed separate and general demurrers to this amended petition, which

294 - 30

were sustained by the court. F. B. McKennan filed an answer to the petition, denying all the specific allegations made against him and denying that petitioner was entitled to a deed to the premises or to any relief whatever. He also denied that Della M. Armstrong held the title to the land in trust for him. A replication to the answer was filed, and thereafter, on April 24, 1917, on motion of Della M. Armstrong, the intervening petition was dismissed at the petitioner's cost for want of equity, and the petitioner elected to stand by his petition. Welch then sued out a writ of error to reverse the decree of the circuit court without first having had any trial of the issues raised by the answer of McKennan to the petition. On review under a writ of error this court dismissed the writ on the ground that the decree entered was not final as to all the parties, which decision will be found in *People* v. *Banks,* 285 Ill. 137. Afterwards McKennan withdrew his answer in the lower court and also filed a general and special demurrer to Welch's amended petition. The lower court sustained his demurrer and entered an order dismissing the amended petition for want of equity. Welch prosecutes this appeal to reverse the order and decree of the circuit court.

In the case of *People* v. *Banks,* 272 Ill. *supra,* as shown by the decision, appellant filed a petition praying that a deed be issued to him pursuant to a decree of foreclosure of a lien for taxes and a sale thereunder. All of the defendants filed general and special demurrers to the petition, in which were set forth as special grounds of demurrer that the petition showed on its face that appellant had been guilty of *laches,* that it failed to show that the land in controversy was again sold for taxes before the expiration of the last day of the second annual sale, and that it failed to show that notice was given, as required by law, of the sale held on August 31, 1909. The lower court sustained the demurrers to the petition and dismissed the same for want of equity. On appeal to this court the order and decree of

the county court were affirmed, for the reason, as in that opinion stated, that the petition wholly failed to show compliance with imperative requirements of sections 216 and 211 of the Revenue act, and the opinion further stated that it was unnecessary to consider the other points urged. It is stated by appellant in the case now before us that "on remandment" the present amended petition was filed in the lower court, and it is urged by him in his brief and argument that all former objections to the petition, either in the lower court or in this court, were cured by his amendments, and that he is either entitled to a deed to the premises or to the redemption money under the first sale on foreclosure. The position of appellees is the same as on the first appeal of this cause; that appellant's petition fails to show compliance with sections 211 and 216 of the Revenue act so as to entitle him to a deed; that the petition shows on its face that appellant was guilty of *laches;* that the judgment of this court on the first appeal is a bar to this proceeding under the doctrine of *res judicata;* and that appellant is neither entitled to a deed nor to the redemption money under the first sale on foreclosure.

The judgment of this court, being one of affirmance, settled all matters against appellant so far as the petition is concerned. There was no remanding order but simply an affirming order, which left nothing further for the lower court to do in that matter. That proceeding could not be carried further by amending the old petition and having thereon a new hearing. If any further proceeding for a deed were permissible it would be by an out and out new proceeding and a new petition, and in any event there should not have been a continuation of the old petition by an amendment of it. But even if it be conceded that appellant was entitled by a new petition to begin further proceedings for a deed or for the redemption money under the first proceeding and sale, and if we should treat the petition now before us as such new petition, he was neither

entitled to a deed under that petition nor to the redemption money under the first sale, because he failed to serve his notice within the time prescribed by section 216 of the Revenue act, and we shall predicate our decision in this case upon that holding without further discussing the application of the doctrine of *res judicata* contended for by appellees.

The sale under the first foreclosure proceeding aforesaid occurred August 31, 1909, by which appellant became owner of the certificate of purchase by assignment to him by the purchaser, McKennan. The sale under the second foreclosure proceeding occurred January 18, 1912, which was after the expiration of the last day of the second annual sale for delinquent taxes that took place after said first sale and under which appellant holds his first certificate of sale. The record in the case now before us shows that the land for which appellant holds the certificate of purchase under the sale of August 31, 1909, was forfeited to the State in the years 1910 and 1911, just following said tax sale. The first bill for foreclosure of the tax lien was filed May 18, 1909, and the second bill was filed June 9, 1911. This latter bill was necessarily filed after the land had been forfeited to the State for taxes and special assessments due and unpaid in 1911, as under section 253 of the Revenue act such a bill cannot be maintained until after two or more forfeitures to the State. Only two such forfeitures had occurred after the first tax sale, under which appellant holds his first certificate of purchase. Neither appellant nor anyone for him ever served any notice as purchaser of said land under the sale of August 31, 1909, for taxes or special assessments, or as assignee of the purchaser, under section 216 of the Revenue act, until September 3, 1913, which was the time he served such notice under the second sale of January 18, 1912.

Appellant's contention is that under the provisions of section 211 of the Revenue act his notice of purchase given

under section 216 of said act was in time to entitle him to a deed or to the redemption money under the sale of August 31, 1909, as the time for redemption under said section was extended to two years after the second sale of January 18, 1912. This is a misapprehension on the part of appellant as to the provisions of section 211, which provides as follows: "If any purchaser of real estate sold for taxes or special assessment shall suffer the same to be forfeited to the State, or again sold for taxes or special assessment, before the expiration of the last day of the second annual sale thereafter, such purchaser shall not be entitled to a deed for such real property until the expiration of a like term [two years] from the date of the second sale or forfeiture, during which time the land shall be subject to redemption, upon the terms and conditions prescribed in this act; but the person redeeming shall only be required to pay for the use of such first purchaser, the amount paid by him. The second purchaser, if any, shall be entitled to the redemption money, as provided for in the preceding section."

It will be noticed that by section 211 the extension of the time of redemption to two years dates from the second sale or forfeiture "before the expiration of the last day of the second annual sale." Within the meaning of that section the time to redeem from the sale of August 31, 1909, under which appellant held his first certificate of purchase, was extended two years after forfeiture to the State for taxes and special assessments in the year 1910, as that forfeiture occurred before the expiration of the last day of the second annual sale for taxes and special assessments after the sale of August 31, 1909, and was the "second sale or forfeiture" within the meaning of section 211. Owners or parties interested were therefore required to redeem the land within two years from the forfeiture of the land to the State in 1910, and not within two years from the second sale of January 18, 1912, as contended for by appel-

'lant. He was also, under the provisions of section 216, required to give the notice necessary for redemption under the first sale in 1912 within two years from the first forfeiture to the State, or to secure a deed in case the land was not redeemed in that time. His notice was given in 1913,— about a year too late. Having failed to give such notice in time he was guilty of *laches,* as contended by appellees, and is neither entitled to a deed nor to the redemption money under the first sale, under which he holds the first certificate of purchase. The certificate of purchase held by appellant under the first sale, and the sale on which it is based, are absolutely void, under section 225 of the Revenue act, for failure to give notice in time and to take out and record his deed within one year after the time for redemption expired.

The second sale occurred January 18, 1912,—almost three years after the first sale. It therefore did not occur "before the expiration of the last day of the second annual sale" for taxes after the first sale, and for that reason section 211 of the Revenue act has no application whatever to this case. If the two forfeitures had not occurred before the second sale, the second sale would not have the effect to extend the time of redemption under the first sale or to take out a deed thereunder, because to have that effect the second sale must occur "before the expiration of the last day of the second annual sale" after the first sale, and not after the expiration of the last day of the second annual sale after the first sale.

If appellee F. B. McKennan has by any fraud of his been the means of losing to appellant a tax deed or redemption money under the first sale, that is a matter for another suit and cannot be considered under this petition for a deed or for redemption money.

The order and decree of the circuit court are affirmed.

*Decree affirmed.*