(No. 32071.—

FAY RIDDLESBARGER, Appellee, *vs.* RUFUS RIDDLESBARGER, Appellant.

*Opinion filed November 27, 1951.*

ECKERT, PETERSON & LEEMING, of Chicago, for appellant.

ARTHUR ABRAHAM, and RALPH J. GUTGSELL, both of Chicago, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

On April 29, 1947, plaintiff, Fay Riddlesbarger, was granted a divorce from defendant, Rufus Riddlesbarger, by the circuit court of Cook County. The decree included an award of alimony in gross, attorneys' fees and court costs. On appeal by defendant to the Appellate Court the decree was affirmed. Thereafter, on April 1, 1949, defendant paid the money decree in full, received from plaintiff and her attorneys a written satisfaction thereof, and filed the same of record in the circuit court. On May 23, 1949, plaintiff filed a petition for additional attorneys' fees and expenses alleged to have been incurred in enforcing the decree and defending the appeal. On motion of defendant, the circuit court entered an order dismissing the petition for want of jurisdiction. This order was reversed by the Appellate Court, and the cause was remanded to the trial court where, after a hearing before the master, a decree was entered allowing the additional attorneys' fees and expenses. Defendant thereafter filed a motion to vacate this decree on the ground that the court had no jurisdiction to enter it and that its enforcement would deprive him of property without due process of law. The motion was denied, and defendant appeals directly to this court on the ground that a constitutional question is involved.

Before considering the other questions presented, it is necessary to determine whether this court has jurisdiction of the appeal. It is appellant's theory that the circuit court had no jurisdiction over the subject matter of the petition, and that enforcement of its decree would therefore violate his constitutional rights. He argues that in divorce cases jurisdiction is statutory and requires strict compliance with the terms of the statute; that the statute makes no provision for granting awards such as that in question after the appeal has been concluded; and that as the petition was not filed

and the allowance made "during the pendency of the appeal" the order was beyond the jurisdiction of the court. The applicable statutory provision reads as follows: "In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper." (Ill. Rev. Stat. 1949, chap. 40, par. 16.) Appellant urges that the phrase "during the pendency of the appeal" limits the court's authority to grant such payments to the period prior to final disposition of the appeal, and that the order in question, entered on a petition filed after the appeal was no longer pending, exceeded the jurisdiction of the court. He then maintains that where the court lacks jurisdiction over the person or subject matter its judgment constitutes a denial of due process, presenting a constitutional question giving this court jurisdiction on direct appeal.

Upon this record, however, it is apparent that the court had jurisdiction, both of the person and of the subject matter. It is not disputed that appellant was properly served with process and made a personal appearance in the proceedings. Thus there can be no question of jurisdiction over the person. Neither can it be disputed that the court had jurisdiction over the subject matter. Jurisdiction over the subject matter is the power to hear and determine *cases of the general class* to which the proceeding in question belongs. (*Turnbaugh* v. *Dunlop,* 406 Ill. 573.) The circuit court manifestly has power to hear and determine petitions for allowances of attorneys' fees and expenses in divorce proceedings. The validity of the statute itself is not in issue. The question whether the court has jurisdiction of the particular action involves only the construction of the statute, and does not confer upon this court jurisdiction of a direct appeal. (*Kellogg* v. *Kellogg,* 371 Ill. 241.) If error was

committed by the circuit court it can be corrected in the Appellate Court.

Since no question is presented which would authorize a direct appeal to this court the cause must be transferred. It is, accordingly, transferred to the Appellate Court for the First District.

*Cause transferred.*