ROBERT F. PERRIN, Ex'r of the Estate of Margaret F. Perrin, Deceased, *et al.*, Plaintiffs-Appellants, *v.* PIONEER NATIONAL TITLE INSURANCE COMPANY, Defendant-Appellee.

First District (2nd Division)   No. 81—1807

Opinion filed August 3, 1982.

Pritikin & Sohn, P. C., of Chicago (Alan E. Sohn, of counsel), for appellants.

Richard T. Franch, Joseph G. Bisceglia, and Jane DiRenzo Segraves, all of Jenner & Block, of Chicago, for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is the second time that the instant case has been before this court. In the original proceedings, plaintiff's amended complaint was dismissed by the trial court for failure to state a cause of action, and we affirmed. (See *Perrin v. Pioneer National Title Insurance Co.* (1980), 83 Ill. App. 3d 664, 404 N.E.2d 508.) Plaintiffs returned to the trial court and moved for leave to file a second amended complaint. Plaintiffs now appeal the denial of that motion.

In the original proceedings in this case, plaintiffs sued individually and on behalf of a class of persons similarly situated. The class was defined as persons who bought or sold real estate in Illinois from October 1, 1973, to date and who purchased owner's title and mortgage insurance from defendant in connection with those transactions. Plaintiffs basically alleged that defendant made and published a customary schedule of title insurance charges which were based upon the amount of title insurance required by the customer, but that during the period of time this schedule was in effect, defendant granted substantial discounts for the purchase of title insurance to builders, contractors and real estate developers. Plaintiffs alleged that the services required by the "builders" were the same or greater than those required by an individual selling real estate but the title insurance premiums paid by plaintiffs were substantially higher than those paid by the customers who received the discount. The thrust of the suit was that this practice gave those persons paying undiscounted premiums a cause of action under section 2 of the Consumer Fraud and Deceptive Business Practices Act (the Act), which proscribes "[u]nfair methods of competition and unfair or deceptive acts or practices *** in the conduct of any trade or commerce." (Ill. Rev. Stat. 1977, ch. 121½, par. 262.) Plaintiffs' amended complaint was dismissed for failure to state a cause of action, and plaintiffs elected to stand on the complaint and take an appeal rather than to seek leave to amend. This court affirmed the dismissal of the amended complaint, noting that plaintiffs had not alleged sufficient facts to support a determination that the practice was so unfair or had such an anti-competitive effect as to be a violation of the Act. The plaintiffs' petition for leave to appeal was denied on September 28, 1980. The mandate of this court affirming the judgment of the circuit court was issued on December 3, 1980. On December 18, 1980, plaintiffs moved the trial court for leave to file a second amended complaint. The court denied the motion on June 17, 1981, and this appeal followed.

Plaintiffs first contend that the amendment should have been allowed after the filing of the mandate. They argue that when the reviewing court gives no instructions for further proceedings in the

lower court, amendment of pleadings is permitted. All the cases cited by plaintiffs in support of this contention involve instances where the reviewing court remanded the case to the trial court for further proceedings. Those cases are inapposite where, as here, the reviewing court affirms the judgment of the trial court without any remand order. The effect of a mandate affirming the judgment of a trial court was explained by our supreme court in *Chickering v. Failes* (1862), 29 Ill. 294, 302:

> "Where the decree is affirmed, in all its parts, the controversy is at an end. In such a case, the Circuit Court has no power to allow amendments of the pleadings, or to alter or change the decree. It can only proceed to have it enforced, according to its terms and conditions."

Also instructive is *People v. Banks* (1920), 294 Ill. 464, 128 N.E. 576, where the court held that the appellant was foreclosed from amending his petition for a tax deed in the trial court after the supreme court had affirmed the dismissal of the original petition. The court stated:

> "The judgment of this court, being one of affirmance, settled all matters against appellant so far as the petition is concerned. There was no remanding order but simply an affirming order, which left nothing further for the lower court to do in that matter. That proceeding could not be carried further by amending the old petition and having thereon a new hearing." 294 Ill. 464, 467.

In *Dorland v. Steinbrecher* (1964), 50 Ill. App. 2d 344, 200 N.E.2d 424, the defendant filed a counterclaim to a suit for execution of a foreign judgment. The counterclaim was dismissed and the dismissal was affirmed on appeal. The defendant filed an amended counterclaim in the trial court. On appeal, the court stated:

> "The defendant disregarded the fact that there was no suit pending thereafter and purported to file an amended counterclaim in the trial court. This procedure is a nullity. If the defendant wished to present his counterclaim in amended form, the time to do so was when the circuit court sustained the plaintiff's motion to dismiss. The defendant could then have obtained leave to amend. Instead, he stood by his counterclaim and allowed final judgment to be entered against him, from which he took an appeal. This court in March, 1963, decided the case. There was no remandment, the order was affirmed, and thereby became final. *** 'Where on appeal a judgment or decree is affirmed in all of its parts, the controversy is at an

end.' 14 ILP, Appeal and Error, section 923." 50 Ill. App. 2d 344, 348.

Plaintiffs contend that Supreme Court Rule 369(b) (73 Ill. 2d R. 369(b)) authorizes the trial court to entertain a motion for the amendment of pleadings after the dismissal of the pleadings has been affirmed on appeal. The Rule provides:

> "When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, execution may issue and other proceedings may be conducted as if no appeal had been taken." 73 Ill. 2d R. 369(b).[1]

Plaintiffs read this rule as authority for the proposition that the posture of this case after the filing of the mandate was the same as if plaintiffs had never elected to stand on their amended complaint and take an appeal from its dismissal. Plaintiffs cite *Russell v. Klein* (1977), 46 Ill. App. 3d 660, 361 N.E.2d 65, as support for their interpretation of the rule. In that case, the plaintiff obtained a judgment by confession and execution was issued. The defendants subsequently made a partial payment of the judgment. The trial court found that the entire amount of the judgment had been satisfied by an agreement between the parties which had been entered into prior to the payment by the defendants. The plaintiff appealed that finding. After the notice of appeal had been filed, the trial court entered an order requiring the plaintiff to return the amount the defendants had paid on the judgment. The plaintiff also appealed that order, and the appeals were consolidated. The appellate court affirmed the judgment that the agreement had satisfied the plaintiff's claim but reversed the order for restitution because it was entered after the filing of the notice of appeal, and therefore the trial court lacked jurisdiction. The mandate of the appellate court contained no remand order. After the filing of the mandate, the trial court again ordered restitution of the money, and the plaintiff appealed, contending that the court lacked authority to enter the order because the case had not been remanded. The appellate court held that:

> "After the filing of the mandate, the trial court was permitted, under Rule 369(b), to conduct other proceedings related to its affirmance of the order satisfying the judgment. At this point, that phase of the case was before the court as if no appeal had been taken. *** [W]e are of the opinion that the court properly

---

[1]Rule 369(b) as amended May 28, 1982, effective July 1, 1982, substitutes the words "enforcement of the judgment may be had" for "execution may issue." 91 Ill. 2d R. 369(b).

considered the new petition as an 'other proceeding' under Supreme Court Rule 369(b)." 46 Ill. App. 3d 660, 665.

■■ ■ It is clear that the court regarded Rule 369(b) as authorizing whatever proceedings are necessary to enforce the affirmed judgment. The court noted that the principle of law embodied in the rule was enunciated by the supreme court in *Watkins v. Dunbar* (1925), 318 Ill. 174, 177, 149 N.E. 14, where the court stated that after the filing of the mandate of affirmance, "execution may issue and other proceedings may be had on the original judgment in all respects as if no appeal had been prosecuted." The rule therefore authorizes only those proceedings which are appropriate after the entry of a final judgment. Pleadings may not be amended after the entry of a final judgment except where it is necessary to amend the pleadings to conform to the proofs presented at trial. (See Ill. Rev. Stat. 1977, ch. 110, pars. 46(1), 46(3).) Plaintiffs' second amended complaint does not fall within this exception. We therefore hold that the trial court had no authority to allow an amendment of plaintiffs' amended complaint and that it properly refused to entertain the motion for leave to file the second amended complaint.

■■ Plaintiffs also contend that the prior decision of this court was an "open invitation" to the plaintiffs to amend the pleadings further, and that the "suggestions" of this court as to how the deficiencies of the amended complaint might have been corrected should have been read by the trial court as instructing it to allow plaintiffs to file the second amended complaint. Plaintiffs cite several cases for the proposition that when the mandate of the reviewing court contains no specific instructions as to what further action the trial court should take, the trial court must examine the reviewing court's opinion in order to determine what further proceedings are proper. The common feature in each of the cited cases is that the reviewing court remanded the case to the trial court for further proceedings. The instant case was not remanded to the lower court but was affirmed in all of its parts. Even where the cause is remanded to the trial court, the trial court is bound to proceed as the mandate, not the opinion, directs it to, unless the mandate instructs the court to proceed in conformity with the opinion. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 308, 427 N.E.2d 563.) As previously stated, when the mandate simply affirms the judgment of the trial court, the court may conduct only such proceedings as are consistent with Supreme Court Rule 369(b). Therefore, the contention that the trial court should have adopted the plaintiffs' reading of the prior opinion in this case and allowed the amendment despite this court's mandate

has no merit.

Plaintiffs also contend that the prior decision of this court has *res judicata* effect only as to those matters actually alleged in the amended complaint, and that therefore plaintiffs should be free to litigate those new matters which are raised for the first time in the second amended complaint. We need not reach this contention because the issue before us is whether the instant litigation is at an end, not whether new litigation may properly be commenced.

For the reasons set forth herein, the judgment of the trial court is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.