LINDA BRANDON, Ex'r of the Estate of Faye Caisse, Deceased, Plaintiff-Appellant, v. ARMAND ROBERT CAISSE, Defendant-Appellee.

Second District   Nos. 2—87—0991, 2—87—0992 cons.

Opinion filed July 29, 1988.

Richard H. Balog, of St. Charles, for appellant.

Jon Yambert, of Lindner, Speers & Reuland, P.C., of Aurora, for appellee.

JUSTICE NASH delivered the opinion of the court:

In these consolidated cases, Linda Brandon, executor of the estate of Faye Caisse, deceased, appeals from orders of the circuit court which dismissed the executor's petition in which she sought recovery from defendant, Armand Caisse, for the attorney fees and costs incurred by the executor in the defense of an appeal taken by defendant in this dissolution of marriage proceeding. We affirm.

The executor contends that the trial court erred in granting defendant's motion to dismiss the petition, asserting that there is no jurisdictional requirement that such a petition must be filed within 30 days of the final order in the dissolution action, citing section 508(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(3)), and *Riddlesbarger v. Riddlesbarger* (1951), 410 Ill. 329, 102 N.E.2d 319. Alternatively, the executor argues that, if the petition was required to be filed within 30 days of the filing of the mandate of this court in the circuit court after the first appeal, the time did not commence to run until the fee of the circuit clerk for filing of a remanding order has been paid pursuant to section 27.1 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1985, ch. 25, par. 27.1(u)(2)), and the executor thus filed her petition in apt time.

In *Brandon v. Caisse* (1986), 145 Ill. App. 3d 1070, 496 N.E.2d 755, this court reversed, without remand, a judgment which had dissolved the marriage and allocated the property of decedent, Faye Caisse, and defendant, Armand Caisse, in an appeal brought by defendant, finding that the cause of action had abated on the wife's death, which had occurred prior to entry of the judgment of dissolution. The executor defended against that appeal in this court and, after our opinion was filed, sought, and was denied, leave to appeal to

the supreme court. The clerk of this court thereafter issued our mandate on February 27, 1987, which was filed by the circuit clerk of Kane County on March 2, 1987.

The executor's petition for fees and costs incurred in defending the appeal was filed in cause No. D KA 83—1131 on April 27, 1987 (it appears from the record that on March 27, 1987, petitioner sent a notice to counsel for defendant, together with a copy of the petition, but did not file either in the circuit court until April 27, 1987). Defendant moved to dismiss the petition pursuant to section 2—619(a)(1) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(1)) on the ground that the trial court had lost jurisdiction to hear the petition as it had been filed more than 30 days after the final judgment in the case.

The record also discloses that, for reasons which are not clear to us, on May 4, 1987, the circuit clerk refiled the mandate of this court, which had already been file-stamped on March 2, under a new case number (D KA 87—0681), and on May 8, the executor filed a similar petition for fees under the new case number. Defendant thereafter moved to dismiss case No. D KA 87—0681 on the same jurisdictional grounds urged in cause No. D KA 83—1131.

After a hearing, the trial court dismissed the petitions for fees and costs on the grounds that they were filed more than 30 days after the mandate of the appellate court was filed in the circuit court, which thus lacked jurisdiction to consider the relief sought.

The executor has filed two notices of appeal, one under each of the case numbers assigned by the circuit clerk, and we have consolidated the cases for decision in this court.

■■■ Section 508 of the Illinois Marriage and Dissolution of Marriage Act provides:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount *** for the costs and attorney's fees necessarily incurred by the other spouse, which award shall be made in connection with ***
>
> * * *
>
> [t]he defense of an appeal of any order or judgment under this Act ***." (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)(3).)

It is apparent the legislature has thus given the circuit court authority to consider and award attorney fees and costs incurred, under the standards of section 508, for the defense of an appeal in a dissolution action. It has also been held that the circuit court retains jurisdiction over the matter of attorney fees for a period of 30 days after entry of

the final judgment in the case (*In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 895, 502 N.E.2d 459; *In re Marriage of Rifkin* (1983), 114 Ill. App. 3d 555, 559, 449 N.E.2d 173), and does not have jurisdiction over the parties or subject matter so as to permit the court to review, modify or grant other relief after expiration of that period. (*In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 40, 429 N.E.2d 594.) In the event there has been an appeal from a circuit court judgment, the judgment of the appellate court becomes final when entered, and the mandate of a court of review is the transmittal of the judgment of that court to the circuit court and revests it with jurisdiction. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304, 427 N.E.2d 563.) The trial court may thereafter only do those things which are directed in the mandate and has no authority to act beyond its dictates. *PSL Realty Co.*, 86 Ill. 2d at 308; *Perrin v. Pioneer National Title Insurance Co.* (1982), 108 Ill. App. 3d 181, 185, 438 N.E.2d 1359.

When these rules are applied to the facts of the present case, it is apparent that the judgment of this court became final on August 11, 1986, when our opinion was filed with the clerk of this court. The supreme court thereafter denied leave to appeal, and jurisdiction was revested in the circuit court on transmittal to and the filing of our mandate by the circuit clerk on March 2, 1987. The executor's petition for fees was not filed until April 27, 1987.

■ Even if the executor had filed her petition within 30 days of March 2 for the additional relief there sought under section 508(a)(3) of the Illinois Marriage and Dissolution of Marriage Act, the trial court lacked authority to consider it. The cause of action for dissolution of the marriage of the parties had abated upon the death of Faye Caisse prior to the judgment in the circuit court (*In re Marriage of Davies* (1983), 95 Ill. 2d 474, 478, 448 N.E.2d 882), thus removing from the trial court its jurisdiction over all aspects of the marriage relationship (*In re Estate of Chandler* (1980), 90 Ill. App. 3d 674, 677, 413 N.E.2d 486); her death terminated the marriage relation and all rights and liabilities arising from it. *Tuttle v. Gunderson* (1930), 341 Ill. 36, 45, 173 N.E. 175; *Bushnell v. Cooper* (1919), 289 Ill. 260, 124 N.E. 521.

■ This court determined in the first appeal that the cause of action abated upon the death of the wife and reversed the judgment of dissolution of the marriage and distribution of property of the parties. The cause was not remanded to the trial court for any purpose, and the filing of our mandate, which reversed the judgment of the trial court in accordance with the views expressed in the opinion, did

not revest that court with authority to act further in the case. *Watkins v. Dunbar* (1925), 318 Ill. 174, 177, 149 N.E. 14; see *Perrin v. Pioneer National Title Insurance Co.* (1982), 108 Ill. App. 3d 181, 184-85, 438 N.E.2d 1359; *Russell v. Klein* (1977), 46 Ill. App. 3d 660, 664, 361 N.E.2d 65.

■ We are aware that there is authority holding that a pending petition for attorney fees by counsel for a party to a dissolution action who has died during litigation will not abate, at least insofar as fees earned prior to the death are concerned. (*In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 300, 483 N.E.2d 322; see *Spiro v. Spiro* (1970), 124 Ill. App. 2d 254, 261, 260 N.E.2d 332.) These cases are inapposite here where the fees sought are by the decedent's executor for payment of her attorney's fees for services rendered to the executor on appeal after the death of the wife.

In view of our resolution of the issue discussed, we need not consider the executor's other contention.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.