# Illinois Official Reports

## Appellate Court

*Glens of Hanover Condominium Ass'n v. Carbide*, 2014 IL App (2d) 130432

| | |
|---|---|
| Appellate Court Caption | GLENS OF HANOVER CONDOMINIUM ASSOCIATION, Plaintiff-Appellee, v. IMTIAZ CARBIDE, Defendant-Appellant (All Unknown Occupants, Defendants). |
| District & No. | Second District<br>Docket No. 2-13-0432 |
| Filed | March 12, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a forcible entry and detainer action where the trial court entered a default judgment for plaintiff, including attorney fees, and then the appellate court, on appeal by defendant, reversed the denial of defendant's motion to quash service and vacated the default judgment, the trial court properly found that it lacked jurisdiction to consider defendant's motion to require plaintiff to turn over possession of the condominium and the rents plaintiff had been collecting and plaintiff's motion to set its complaint for forcible entry and detainer for trial, since the appellate court did not revest the trial court with jurisdiction where it did not remand the cause. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-LM-2147; the Hon. James D. Orel, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Sakina Carbide, of Law Offices of Sakina Carbide, of Chicago, for appellant.

David A. Golin, Hal R. Morris, and Allan Goldberg, all of Arnstein & Lehr LLP, of Chicago, for appellee.

Panel

JUSTICE ZENOFF delivered the judgment of the court, with opinion. Presiding Justice Burke and Justice Schostok concurred in the judgment and opinion.

## OPINION

¶ 1     Defendant, Imtiaz Carbide, appeals from an order of the circuit court of Du Page County ruling that it was without jurisdiction to decide defendant's motion for a turnover of possession of a condominium unit and rents. We affirm.

¶ 2     This matter is before this court for the second time. On June 21, 2010, plaintiff, Glens of Hanover Condominium Association, filed a complaint pursuant to the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2010)), alleging that it was entitled to possession of 1488 Sutter Drive, Unit 1624-2, Hanover Park, Illinois. Plaintiff also sought to recover unpaid assessments, other common charges, attorney fees, and costs. Following a number of unsuccessful attempts to serve defendant, plaintiff obtained an order allowing alternative service. Pursuant to that alternative service, plaintiff took a default judgment against defendant in the amount of $14,156.32, which included attorney fees. Thereafter, defendant filed a motion to quash service and vacate the judgment, which the trial court denied. Defendant appealed, and on October 26, 2012, this court reversed the order denying the motion to quash service. *Glens of Hanover Condominium Ass'n v. Carbide*, 2012 IL App (2d) 120008-U, ¶¶ 28, 35 (*Carbide I*). This court also vacated the default judgment. *Carbide I*, 2012 IL App (2d) 120008-U, ¶ 35. Our judgment line stated: "Order reversed; default judgment vacated." *Carbide I*, 2012 IL App (2d) 120008-U, ¶ 35. This court did not remand the cause to the trial court. On December 11, 2012, this court's mandate issued, as follows:

> "On the 26 day of October 2012, a Decision of the aforementioned Court was entered and in accordance with the views expressed in the attached Decision the judgment of the trial court is Reversed order [*sic*]; default judgment vacated."

¶ 3     On November 30, 2012, defendant filed in the trial court a motion "for turnover of possession, rents and for attorney's fees and costs." The motion alleged that, after this court's reversal of the judgment, plaintiff continued in possession and continued to collect rents. Before defendant's motion was heard, plaintiff filed a motion to set for trial its complaint for

forcible entry and detainer.[1] Plaintiff asserted that, by filing the turnover motion, defendant submitted himself to the trial court's jurisdiction. On March 28, 2013, the trial court found that this court had not remanded the matter to the trial court, and, thus, the trial court was without jurisdiction to entertain either defendant's turnover motion or plaintiff's motion to set the cause for trial. Defendant timely appealed.

¶ 4    Defendant first contends that the trial court had jurisdiction. Plaintiff concurs. The parties simply disagree over the scope of that jurisdiction. Both parties miss the mark and rely on cases in which the reviewing court remanded the case to the trial court. Those cases are inapposite, because, here, we reversed without remanding. Both parties ignore Illinois Supreme Court Rule 369(b) (eff. July 1, 1982), which provides as follows:

> "When the reviewing court *dismisses* the appeal or *affirms* the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken." (Emphases added.)

Thus, the trial court is revested with jurisdiction where the appellate court affirms a judgment or dismisses the appeal. However, the rule is otherwise where the reviewing court *reverses* the trial court's judgment without remanding. "[F]ollowing a reversal without remand, the trial court is not revested with jurisdiction over the case." *Dalan/Jupiter, Inc. v. Draper & Kramer, Inc.*, 372 Ill. App. 3d 362, 368 (2007).

¶ 5    Rule 369(b) embodies the holding in *Watkins v. Dunbar*, 318 Ill. 174 (1925). *Dalan/Jupiter*, 372 Ill. App. 3d at 367. In *Watkins*, the trial court entered a judgment in the plaintiff's favor, granting an order of replevin against the sheriff, who had levied on certain property belonging to the plaintiff. *Watkins*, 318 Ill. at 175-76. The appellate court reversed and found that the sheriff was entitled to possession of the property by virtue of his levy. *Watkins*, 318 Ill. at 176. Following the appellate court's reversal, the trial court, upon motion, ordered the property to be returned to the sheriff and granted costs. *Watkins*, 318 Ill. at 176. Our supreme court held that the trial court did not have jurisdiction to enter the turnover order. *Watkins*, 318 Ill. at 177. The supreme court pointed out that, if an appeal is dismissed or a judgment affirmed, the case may be reinstated in the trial court and execution may issue or other proceedings may be had on the original judgment. *Watkins*, 318 Ill. at 177. The court also held that, if a judgment is reversed and the cause is remanded for a new trial, the case is reinstated in the trial court upon the filing of the remand order. *Watkins*, 318 Ill. at 177. However, "[w]here the judgment is reversed and there is no order remanding the case[,] it cannot be re-instated in the court which entered the judgment from which the appeal was taken." *Watkins*, 318 Ill. at 177. The court further stated:

> "There is no doubt about appellee's right to have restored to him the property taken by appellant on reversal of the judgment entered in the replevin case, [citations] but in order to have a judgment of restitution entered, an application for it must be made in a court where the cause is pending and which has jurisdiction of the parties. [Citation.] *** [T]he power to make a valid order cannot survive the loss of jurisdiction. There

---

[1]The motion to set the matter for trial is not part of the record. However, plaintiff's reply to defendant's response is part of the record, and the trial court's written order of March 28, 2013, from which defendant appeals, ruled that it lacked jurisdiction over the motion. Plaintiff did not file a cross-appeal, so any issues regarding the motion to set for trial are not before us.

was no case pending in the circuit court *** when the judgment for a return of the property in question and for costs was entered against appellant, and the order entered by the circuit court is *coram non judice*." *Watkins*, 318 Ill. at 178.

¶ 6        This court followed *Watkins* in *Brandon v. Caisse*, 172 Ill. App. 3d 841 (1988). In *Brandon*, a dissolution-of-marriage case, this court, in the first appeal, determined that the cause of action abated upon the wife's death, which occurred prior to the entry of the judgment of dissolution. *Brandon*, 172 Ill. App. 3d at 842. We reversed the judgment of dissolution and property distribution without remanding the cause to the trial court. *Brandon*, 172 Ill. App. 3d at 844. After our mandate was filed, the wife's executor filed in the trial court a petition for fees and costs associated with defending the appeal. *Brandon*, 172 Ill. App. 3d at 843. The trial court dismissed the petition on the ground that the petition was untimely, and the executor appealed. *Brandon*, 172 Ill. App. 3d at 843. We held that, even if the executor had timely filed the fee petition, the trial court lacked authority, under *Watkins*, to consider it. *Brandon*, 172 Ill. App. 3d at 844-45. We said that "[t]he cause was not remanded to the trial court for any purpose, and the filing of our mandate, which reversed the judgment of the trial court in accordance with the views expressed in the opinion, did not revest that court with authority to act further in the case." *Brandon*, 172 Ill. App. 3d at 844.

¶ 7        The *Watkins* rule was recently reviewed in *McNeil v. Ketchens*, 2011 IL App (4th) 110253, where the appellate court held that the trial court is revested with jurisdiction pursuant to Rule 369(b) if the appellate court affirms in part and reverses in part, because, without such jurisdiction, the trial court would be precluded from entering any order at all relating to the affirmance. *McNeil*, 2011 IL App (4th) 110253, ¶ 21. Here, of course, we reversed without remanding, which did not revest jurisdiction pursuant to Rule 369(b).

¶ 8        The *Watkins* rule distinguishes the instant situation from that posed by defendant, where the trial court retains jurisdiction over ministerial matters after a notice of appeal is filed but before the appellate court disposes of the appeal. Defendant likens the present situation to that in *Berger v. Matthews*, 216 Ill. App. 3d 942 (1991), where this court held that a claim for fees that is collateral to the judgment being appealed does not affect the appealability of the judgment. *Berger*, 216 Ill. App. 3d at 944. The issue in *Berger* was the timeliness of the notice of appeal. *Berger*, 216 Ill. App. 3d at 943-44. The appellant filed his first notice of appeal prematurely, before the trial court had resolved pending petitions for fees pursuant to Illinois Supreme Court Rule 137 (eff. Aug. 1, 1989). *Berger*, 216 Ill. App. 3d at 944. However, after dismissing the first appeal, this court held that the judgment became final and appealable when the trial court disposed of all petitions for fees pursuant to Rule 137, despite the fact that there remained pending the amount of deposition and subpoena fees to be awarded. *Berger*, 216 Ill. App. 3d at 943-44. Consequently, the appellant's second notice of appeal, filed after the disposition of the deposition and subpoena fees, did not vest this court with jurisdiction. *Berger*, 216 Ill. App. 3d at 944. Our statement in *Berger*, that the trial court retained jurisdiction over matters collateral to the judgment, has no application in the present case. In *Berger*, we had not reversed without remand, as occurred here. Defendant's reliance on *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153 (1998), is similarly misplaced. In *Dunteman*, the issue of a premature notice of appeal was raised, rather than the effect of reversal without remand. *Dunteman*, 181 Ill. 2d at 162. Likewise, defendant's citation to *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443 (2000), is unhelpful, because

that case, too, involved a question regarding a premature notice of appeal. *Jennings*, 316 Ill. App. 3d at 450-51. Finally, defendant's reliance on *In re Marriage of Takata*, 304 Ill. App. 3d 85 (1999), is puzzling, since this court in *Takata* simply said that the setting of child support is a judicial function and that a *nunc pro tunc* order cannot be used to correct judicial errors. *Takata*, 304 Ill. App. 3d at 92.

¶ 9 The *Watkins* rule is clear–a reversal without remand does not revest the trial court with jurisdiction. There was no case pending in the trial court following our reversal without remand. Accordingly, we hold that the trial court here correctly ruled that it lacked jurisdiction over defendant's turnover motion. Because the trial court was without jurisdiction to act, we do not reach the parties' myriad contentions regarding the merits.

¶ 10 For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 11 Affirmed.