2023 IL App (2d) 220138-U
No. 2-22-0138
Order filed February 15, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| MARY LENAHAN, | ) | of Kane County. |
| | ) | |
|     Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 12-D-352 |
| | ) | |
| RICHARD SIMKO, | ) | Honorable |
| | ) | Christine A. Downs, |
|     Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1     *Held*:    Our prior decision that reversed the trial court's judgment extending petitioner's maintenance did not remand the cause. Nonetheless, the trial court had jurisdiction to consider respondent's subsequent motion to compel maintenance reimbursement because that motion sought to enforce the marital settlement agreement incorporated into the dissolution judgment.

¶ 2     Petitioner, Mary Lenahan, appeals from an order of the circuit court of Kane County ordering her to reimburse respondent, Richard Simko, for maintenance paid after the expiration of the 60-month maintenance term in the parties' marital settlement agreement (MSA), which was incorporated into the judgment dissolving the parties' marriage. On appeal, Mary contends that the

trial court (1) did not have jurisdiction over Richard's motion to compel reimbursement and (2) violated her due process rights. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In April 2013, the circuit court of Kane County dissolved the parties' marriage. The judgment of dissolution incorporated the parties' MSA. The MSA awarded Mary reviewable maintenance of $3000 per month for 60 months beginning June 1, 2013.

¶ 5     On May 25, 2018, Mary filed a "Petition to Review and Extend Maintenance and for Payment of Maintenance During Period of Review." Following a hearing, the trial court entered an order extending maintenance, at a reduced amount of $2750, until April 1, 2022. Richard unsuccessfully moved to reconsider the order and, thereafter, timely appealed. He asked this court to reverse the judgment extending maintenance and remand for a determination of the maintenance amount Mary should reimburse him. We agreed with Richard that the trial court abused its discretion by extending maintenance. *In re Marriage of Lenahan and Simko*, 2020 IL App (2d) 190989-U, ¶ 20. However, while we reversed the judgment, we did not remand the cause. *Id.* ¶ 22.

¶ 6     On June 8, 2021, Richard filed a "Motion to Compel Reimbursement of Maintenance Payments." In it, Richard argued that, after the expiration of the maintenance term in the MSA, he had paid Mary $56,729.92 in maintenance payments and that she had refused to reimburse him. He asked the trial court to order Mary to immediately reimburse him. He also asked the trial court to (1) order Mary to pay statutory interest if she did not timely submit payment and (2) find that Mary's refusal to reimburse him had needlessly increased the cost of litigation.

¶ 7     On August 20, 2021, Mary filed a "Motion to Dismiss Pursuant to 735 ILCS 5/2-619 and Objection Pursuant to Supreme Court Rule 369." Illinois Supreme Court Rule 369 (eff. July 1, 1982) provides:

"(a) Filing of Mandate. The clerk of the circuit court shall file the mandate promptly upon receiving it.

(b) Dismissal or Affirmance. When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken.

(c) Remandment. When the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party."

According to Mary, because this court's mandate reversed the matter without remanding, the trial court did not have jurisdiction over Richard's motion, which should therefore be dismissed.

¶ 8     On September 23, 2021, the trial court denied Mary's motion to dismiss "for the reasons set forth in open court." (The record does not contain a report of proceedings from that date.)

¶ 9     On October 20, 2021, Mary filed a response to Richard's motion to compel reimbursement. In it, she again objected to the trial court's jurisdiction, based on Rule 369. In addition, although Mary admitted that she had not reimbursed Richard, she denied that his maintenance obligation terminated after 60 months. She further argued that the amount Richard asked her to reimburse did not account for the tax consequences to each party.

¶ 10     On November 9, 2021, the parties appeared for a hearing on Richard's motion to compel reimbursement. At the outset of the proceedings, the trial court noted that the parties had had off-the-record discussions about how they would handle the proceedings. They "decided that this would need to be a bifurcated hearing." The court stated that it would hear the parties' arguments "on the legal aspects of the motion that's pending," issue its ruling later, and then "reset the case

for hearing on some matters that we discussed depending on the court's ruling." Thereafter, the court heard the parties' arguments. During the hearing, the parties stipulated that, as of March 2019, Richard had paid Mary $56,729.92 in maintenance. The matter was continued.

¶ 11 On November 18, 2021, the trial court issued its ruling. The court first addressed its jurisdiction. The court stated that "jurisdiction is general jurisdiction and this is a justiciable matter before the Court. Family court matters are heard in the circuit court and the Court has jurisdiction generally over family court matters." In addition, the court found that it had jurisdiction under (1) paragraph 13.4 of the MSA, which provided that " 'the Court on entry of the judgment or decree for dissolution of marriage shall retain the right to enforce the provisions and terms of the agreement,' " and (2) paragraph 5 of the judgment of dissolution, which provided that " 'the Court expressly retains jurisdiction of this cause for the purpose of enforcing all the terms of this judgment of dissolution of marriage, include all of the terms of the MSA[.]' "The court stated that, although Richard's motion was titled "Motion to Compel Reimbursement," the substance of the motion asked the court to enforce the MSA by enforcing its time limit on maintenance. The court concluded: "It is not because there was an appeal that was reversed. It is because a new pleading has been filed and that new pleading goes to the original judgment for dissolution of marriage."

¶ 12 After determining that it had jurisdiction, the trial court found that, based on this court's decision and the terms of the MSA, Mary was not entitled to any maintenance payments received after the initial 60 months of payments and, thus, she must reimburse Richard. The court noted that, although each party had tax consequences from the maintenance payments, the tax issue was not for the court to decide. The court stated that the parties might need to refile their tax returns to recoup tax payments or to make retroactive tax payments. Finally, the court denied Richard's request for interest and attorney fees. In its written order, the court reserved the issue of

" 'immediate reimbursement[.]' " The court ordered the parties to exchange 2019 and 2020 tax returns. The court continued the matter "for status of settlement and setting of hearing on the issue of repayment[.]"

¶ 13    On January 11, 2022, the trial court set the matter for hearing on March 29, 2022. Before the hearing, Richard served Mary with a notice to produce under Illinois Supreme Court Rule 214 (eff. July 1, 2018). Mary filed an objection. Richard filed a motion asking the trial court to resolve objections and compel discovery compliance.

¶ 14    On March 29, 2022, the trial court entered an order sustaining Mary's objection to Richard's notice to produce. The court found that there was no issue regarding her ability to pay; thus, the production requests were irrelevant. In addition, the court ruled:

> "Upon sustaining the objection, no additional evidence was presented by the parties, and therefore, the Court's Order from November 18, 2021[,] stands as the order of Court, specifically that $56,729.92 in maintenance was paid by [Richard] to [Mary] after the expiration of the original 60[-]month term. [Mary] is hereby ordered to reimburse [Richard]."

¶ 15    Mary timely appealed.

¶ 16                                     II. ANALYSIS

¶ 17    Mary first contends that the trial court did not have jurisdiction over Richard's motion to compel reimbursement. We consider *de novo* the trial court's jurisdiction. *In re Marriage of Kuyk*, 2015 IL App (2d) 140733, ¶ 10.

¶ 18    Again, citing Rule 369, Mary contends that, because we did not remand to the trial court for further proceedings after we reversed the court's order extending maintenance, the court was not "revested with jurisdiction" to consider Richard's motion to compel reimbursement. She cites

case law to support her position. See *Watkins v. Dunbar*, 318 Ill. 174, 177 (1925) ("Where the judgment is reversed and there is no order remanding the case it cannot be re-instated in the court which entered judgment from which the appeal was taken."); *Glens of Hanover Condominium Ass'n v. Carbide*, 2014 IL App (2d) 130432, ¶ 4 (a trial court is only revested with jurisdiction where the appellate court affirms a judgment or dismisses an appeal); *Dalan/Jupiter, Inc. v. Draper and Kramer, Inc.*, 372 Ill. App. 3d 362, 367 (2007) (where this court reversed the trial court's ruling in a breach of contract action but did not remand the case, the trial court did not have jurisdiction over the prevailing party's subsequent petition for attorney fees and costs).

¶ 19    We do not quarrel with the legal propositions cited by Mary. Here, however, because this was a postdissolution proceeding, the trial court's jurisdiction was derived not from our decision in Richard's appeal, but from his newly filed claim for reimbursement. "[T]he [trial] court will *always* have subject matter jurisdiction to address a party's postdecree petition *** because the [trial] court is where postdissolution matters are heard." (Emphasis in original.) *Marriage of Kuyk*, 2015 IL App (2d) 140733, ¶ 16. Indeed, both the dissolution judgment and the MSA expressly provided that the trial court retained jurisdiction to enforce the provisions contained therein.

¶ 20    Nevertheless, Mary argues that, contrary to the trial court's reasoning, "Richard's 'new pleading' did not go 'to the original judgment for dissolution of marriage.' [Instead], [it] directly related to the matters raised in Mary's post dissolution claim and directly to the relief that Richard requested in this court but was not granted." We disagree. Richard's motion related directly to the judgment of dissolution and the provisions of the MSA. Indeed, he sought reimbursement of maintenance payments made over and above that required by the MSA. Although the catalyst for his motion was certainly our decision to reverse the judgment extending maintenance, the motion ultimately relied on the MSA and its 60-month maintenance limit. See *In re Marriage of Figliulo*,

2015 IL App (1st) 140290, ¶¶ 14-15 (finding that, although the petitioner filed a motion to compel reimbursement instead of a petition to enforce the dissolution judgment, the substance of the motion sought to enforce the maintenance obligations in the dissolution judgment and, thus, the trial court had jurisdiction to enter an order compelling reimbursement).

¶ 21    Mary argues in the alternative that, even if "Richard is allowed to resuscitate the issue of maintenance via 'new pleadings,' " his claim is barred by *res judicata* because this court's decision in Richard's appeal was a final judgment between the parties on the issue of maintenance. See *Smith v. Dugger*, 318 Ill. 215, 217 (1925) (The reviewing court's judgement is, with respect to the merits, "the end of th[e] case[,]" and "[t]here [is] nothing which the circuit court [is] authorized to do but enter the decree.") *Res judicata* is an affirmative defense, which a party forfeits if not timely raised. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 18. Because Mary did not raise this defense below, she is barred from raising it now. *Id.*

¶ 22    Last, Mary contends that the trial court violated her due process rights when it "circumvented the process it said it would apply" and "summarily granted" Richard's motion to compel reimbursement. According to Mary, the court indicated on November 9, 2021, that it would conduct a "bifurcated" hearing but failed to do so. Thus, she claims she was "deprived [of] the opportunity to present evidence on the topic of the tax issue."

¶ 23    Mary has forfeited her due process argument by failing to cite any authority to support it. See Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016) (argument in a brief must contain "citation of the authorities *** relied on"); *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19 (argument unsupported by authority was forfeited).

¶ 24    Forfeiture aside, there is no indication that the order compelling reimbursement was summarily granted or that Mary was not allowed to present relevant evidence. The trial court heard

the parties' arguments on the issues of jurisdiction and reimbursement. During the hearing, the parties stipulated that, as of March 2019, Richard had paid Mary $56,729.92 in maintenance. Moreover, in issuing its ruling, the court expressly acknowledged that there were tax consequences to each party resulting from either the payment or receipt of maintenance, but it determined that the issue was not for the court to rule on, noting that the parties may need to refile their tax returns to resolve those issues. Thereafter, the trial court continued the matter "on the issue of repayment[.]" On March 29, 2022, the court, after finding that "no additional evidence was presented by the parties," ordered Mary to reimburse Richard. We see no due process violation therein.

¶ 25                                  III. CONCLUSION

¶ 26     For the reasons stated, we reject Mary's claim of error and hereby affirm the judgment of the circuit court of Kane County.

¶ 27     Affirmed.