F. R. RICE, Petitioner-Appellee, v. MARGARET RICE, Respondent-Appellant.

Fifth District   No. 5—87—0411·

Opinion filed August 29, 1988.

Gerald S. Reed, of Reed, Heller & Mansfield, of Murphysboro, for appellant.

Jeff Troutt and Edwina Warner, both of Caldwell, Troutt, Alexander, Quindry & Popit, of Benton, for appellee.

JUSTICE KARNS delivered the opinion of the court:

An amended judgment of dissolution of marriage was entered in the instant case on October 11, 1983, which found that respondent-appellant, Margaret Rice, lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs and was presently unable to support herself through appropriate employment. The court further found that the respondent was entitled to receive maintenance for a limited period of time to enable her to acquire sufficient education and training so that she could find appropriate employment, and after considering all relevant factors and circumstances, the court found that an award of "rehabilitative maintenance" was appropriate and awarded her "the sum of $1,000.00 monthly commencing on July 1, 1983, and continuing thereafter on the 1st day of each month for a period of 42 months or until the death or remarriage of Respondent Counter-petitioner Margaret Rice or until further order of this Court." The court in its amended judgment of dissolution of marriage did not reserve jurisdiction to review the award of rehabilitative maintenance at the end of the 42 months. Pursuant to a petition for modification filed by petitioner-appellee, F. R. Rice, the level of maintenance was reduced to $500 per month effective September 1, 1984, by order entered November 13, 1984. Respondent subsequently filed a motion to reinstate maintenance at $1,000. By order entered April 23, 1986, maintenance in the reduced amount of $500 per month was continued until further order of the court with respondent granted leave to request a further review hearing to determine whether the monthly maintenance payments should be raised to the original amount after July 1, 1986, upon proper motion and notice to petitioner. Respondent filed a second petition to modify on December 24, 1986. By order entered May 26, 1987, the trial court ruled that it was without jurisdiction to hear respondent's petition to modify and granted petitioner's motion to dismiss. This appeal followed.

■ The concept of rehabilitative maintenance is described in the

historical and practice notes to section 504(b)(2) of the Illinois Marriage and Dissolution of Marriage Act (Act):

"This subsection directs the court to consider the time necessary for the party seeking maintenance to acquire sufficient education or training to find employment. This concept of rehabilitative maintenance is new to Illinois law. The amount and duration of such maintenance should be determined by reference to what is necessary to obviate marriage-conditioned needs and to enable a formerly dependent spouse to acquire financial independence for the future. Under prior decisional law, there was no duty to seek employment. [Citation.] This subsection creates an affirmative obligation on the part of the spouse seeking maintenance to seek employment, where plausible, and this reflects one of the most important changes brought about by this Act. [Citations.]" (Ill. Ann. Stat., ch. 40, par. 504(b)(2), Historical and Practice Notes, at 529 (Smith-Hurd 1980).)

A maintenance award will be modified "only upon a showing of a substantial change in circumstances" (Ill. Rev. Stat. 1987, ch. 40, par. 510(a)), and the burden of demonstrating the alleged substantial change in circumstances is on the party seeking such relief (*In re Marriage of Lasota* (1984), 125 Ill. App. 3d 37, 41, 465 N.E.2d 649, 652). The same factors considered under the statute by the circuit court in making an initial award of maintenance are used in determining whether and to what degree a maintenance award shall be modified. *Lasota*, 125 Ill. App. 3d at 41, 465 N.E.2d at 652.

In the case at bar, the trial court was presented with three petitions for modification (one by the petitioner and two by the respondent). The petitioner filed the first petition for modification and after showing a substantial change in circumstances (reduction in his income), the level of maintenance he was required to pay was reduced to $500 per month effective September 1, 1984. No appeal was taken from this order by the respondent. The respondent later filed a petition for modification seeking to raise the level of maintenance back to the original level of $1,000 per month. By order entered April 23, 1986, the trial court denied respondent's petition and maintenance in the amount of $500 per month was continued until further order of the court, with respondent granted leave after July 1, 1986, to petition for further review. No appeal was taken by the respondent from this order. The next petition to modify was filed by respondent on December 24, 1986. The court never reached the merits of this petition, finding instead, by order entered May 26, 1987, that it was without jurisdiction to hear the petition to modify. It is this ruling by the trial

court which is the focus of respondent's appeal. The issue we face is whether the trial court retains authority to extend an award of rehabilitative maintenance which is limited in duration (42 months in the instant case) beyond the original term where the court has not expressly reserved jurisdiction to extend the term of the maintenance award and where the request to extend is filed after the original term of rehabilitative maintenance has expired and been completed by the husband as ordered.

Respondent contends the trial court erred in ruling that it lacked jurisdiction to extend the award of rehabilitative maintenance in the instant case. Respondent cites a line of cases from the First District which establishes a preference for the reservation of jurisdiction to review a rehabilitative maintenance award at the end of the established period instead of setting an automatic termination date for the maintenance payments in certain cases, primarily where the record is speculative as to a spouse's future ability to support herself. (*In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 426 N.E.2d 1066; *In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 461 N.E.2d 447; *In re Marriage of Carney* (1984), 122 Ill. App. 3d 705, 462 N.E.2d 596.) Respondent argues that the public policy of the State of Illinois is toward flexibility in monitoring rehabilitative maintenance. Respondent believes this public policy (a reluctance to award rehabilitative maintenance with an automatic termination date in certain cases) controls the jurisdiction question. The cases cited by the respondent in support of her position, however, all involve the situation where the trial court either erred or abused its discretion in awarding maintenance with an automatic termination date. (*Asch*, 100 Ill. App. 3d 293, 426 N.E.2d 1066; *Wilder*, 122 Ill. App. 3d 338, 461 N.E.2d 447; *Carney*, 122 Ill. App. 3d 705, 462 N.E.2d 596.) Each of these cases was a direct appeal by the wife from the judgment of dissolution which contained the objectionable maintenance award. No such direct appeal from the original judgment of dissolution was taken by the respondent in the instant case. On page 6 of her reply brief, respondent argues that the trial court, "[b]y automatically terminating her support in view of her situation, *** completely ignor[ed] the purpose of the Act and the policy against speculation." Respondent is attempting to raise an issue that should have been raised after the judgment for dissolution was originally entered in her case. She did not appeal from that judgment of dissolution and she cannot raise this issue now.

■ The trial court in its amended judgment of dissolution of marriage entered on October 11, 1983, awarded rehabilitative maintenance to the respondent in the sum of $1,000 per month commencing

July 1, 1983, for a period of 42 months. In this amended judgment of dissolution, the court did not reserve jurisdiction to review the award of rehabilitative maintenance at the end of the 42 months. The question becomes: What happens when a petition to modify an award of maintenance, limited in its duration, is filed to extend the duration of the award when the court has not expressly reserved jurisdiction to extend the term? In answering this question, we find it is important to determine whether the petition for modification is filed during the period set for rehabilitative maintenance or after the term of rehabilitative maintenance has expired and been completed. The historical and practice notes to section 504(b) of the Act provide some guidance:

> "It has been held that the court may award maintenance for a limited term while either reserving the right to extend the term of the award or barring further extensions of the term, generally depending upon the likelihood that the recipient spouse will attain self-sufficiency within the term. [Citations.] The court's initial determination should address this issue clearly. Where the court has not expressly reserved jurisdiction to extend the term but has remained silent on the subject it would appear that the court retains authority to extend the maintenance beyond the original term in view of the provisions of section 510(a). [Citations.] Since Illinois courts of review have not addressed this question, the preferred practice is to eliminate uncertainty by expressly addressing the issue in the initial judgment." (Ill. Ann. Stat., ch. 40, par. 504(b), Historical and Practice Notes, at 527-28 (Smith-Hurd 1980).)

In *In re Marriage of Bauer* (1985), 138 Ill. App. 3d 379, 485 N.E.2d 1318, the court stated that a rehabilitative maintenance award for a set period of time may be modified pursuant to section 510(a) of the Act, during the period of the maintenance payments upon a showing of substantial change in circumstances. In *Bauer*, the wife was awarded rehabilitative maintenance in the amount of $400 per month for 10 years, and the husband appealed. The appellate court affirmed the court's determination to set a 10-year rehabilitative maintenance period, and noted that since the award was not an award of maintenance in gross, the award could be modified during the 10-year period upon a showing of substantial change in circumstances. We find that where the trial court has not expressly reserved jurisdiction to extend the term of rehabilitative maintenance, the court retains authority to extend the maintenance beyond the original term in view of section 510(a) of the Act, when the petition for modification is filed during the period set for rehabilitative maintenance.

With respect to the court's jurisdiction to consider a petition to modify filed after the period set by the court has expired, we agree with the trial court and find that it lacked jurisdiction to extend the duration of the maintenance award once the original time period for maintenance had expired. We note that section 510(a) of the Act provides that modification of maintenance awards may be made "only as to installments accruing subsequent to *** the filing of the motion for modification." (Ill. Rev. Stat. 1987, ch. 40, par. 510(a).) Applying this to the instant case, all installments of maintenance were fully paid prior to the respondent's filing of her petition to modify on December 24, 1986. There were no further maintenance payments subject to modification. The 42-month period expired with the maintenance payment which was due December 1, 1986, and paid in full by the petitioner on December 4, 1986, and the petitioner's obligation for maintenance terminated at that time. The respondent's petition to modify the maintenance award filed on December 24, 1986, was untimely, was filed after payment in full of the maintenance award and after the trial court's jurisdiction to modify the maintenance award had terminated. We find that the trial court properly exercised its jurisdiction over the maintenance award during its 42-month term, but when the 42-month period expired and the petitioner's maintenance obligation was satisfied, the court was correct in finding that no further modifications or extensions could be made. This is consistent with the limited award of rehabilitative maintenance given to the respondent in the amended judgment of dissolution of marriage and is consistent with the provisions of section 510(a) of the Act limiting the court's power to modify maintenance payments to only those which accrue after the filing of a motion seeking modification.

For the reasons stated above, we find that the trial court's order entered May 26, 1987, finding that it lacked jurisdiction to consider respondent's petition seeking modification of a fixed, limited award of rehabilitative maintenance which was filed after the maintenance obligation had been satisfied, and where the court did not reserve jurisdiction to review such an award, should be affirmed.

Affirmed.

HARRISON, P.J., and CALVO, J., concur.