In re the Marriage of Carol Ann
ALDINGER, Appellee and
Cross–Appellant,

v.

Douglas A. ALDINGER, Appellant and
Cross–Appellee.

No. 90CA0294.

Colorado Court of Appeals,
Div. I.

June 6, 1991.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Cox and Mustain–Wood, Mary Jane Truesdell Cox, Littleton, for appellee and cross-appellant.

Law Offices of Ruderman & Sturniolo, Anthony J. Sturniolo, Denver, Bill Myers, Denver, for appellant and cross-appellee.

Opinion by Judge PIERCE.

Douglas A. Aldinger, husband, appeals from an order of the trial court that extended the duration of maintenance payable to Carol Ann Aldinger, wife. In her cross-appeal, wife asserts that the amount of maintenance awarded was insufficient and that the court erred in denying her request for attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

A decree of dissolution was entered on March 25, 1987, after a twenty-one year marriage. A stipulated agreement was

read into the record and was later reduced to writing and signed by both parties and their counsel. In that agreement, husband waived his right to claim or receive maintenance. However, he agreed to pay wife the sum of $450 per month maintenance beginning May 18, 1987, and continuing thereafter "for a period of 24 months or until further order of this court."

On May 22, 1989, wife sought a continued and increased amount of maintenance based on a substantial and continuing change of circumstances. Husband objected, asserting first that, based on the terms of the separation agreement, wife was contractually barred from requesting additional maintenance. He also argued that, even if modification was not prohibited by the terms of the parties' agreement, the trial court lacked jurisdiction over wife's motion for modification since it was filed after all payments due under the agreement had been made. Finally, he maintained that wife was employed and capable of meeting her own needs without further maintenance.

The trial court found that it had jurisdiction over the issue of maintenance based on: (1) the lack of language in the agreement reflecting that the terms of maintenance were contractual in nature; (2) the absence of a waiver by wife of maintenance after the end of the 24-month period; and (3) the language in the separation agreement expressly providing for maintenance to continue for the 24-month period "or until further order of court." Applying the unconscionability standard, the trial court determined that wife was in need of further maintenance and awarded her the amount of $250 per month until further order of court. although it observed that attorney fees "should be awarded to wife," it nevertheless ordered that each party pay his or her own attorney fees "because the [husband] had reason to believe that his duty to pay maintenance would terminate."

## I.

■ First, husband contends that the separation agreement when read in its entirety allows modification only by written agreement of the parties. Based on this premise, he argues that the court improperly allowed a reopening because the terms of the agreement permit such only if there has been a significant nondisclosure of assets or obligations. We disagree.

■ Except for terms concerning the support, custody, or visitation of children, a separation agreement may expressly prohibit the modification of the terms set forth in a decree. *In re Marriage of Udis*, 780 P.2d 499 (Colo.1989); § 14–10–112(6), C.R.S. (1987 Repl.Vol. 6B.). However, while § 14–10–112(6) allows the parties to restrict the jurisdiction of the court to modify the maintenance terms of a settlement agreement, such a restriction must specifically and unequivocally preclude modification. *In re Marriage of Rother*, 651 P.2d 457 (Colo.App.1982).

Here, the agreement provided that no modification of its terms would be valid or binding unless such modification was reduced to writing and signed and dated by both parties. However, it also provided that maintenance would continue for a period of 24 months "or until further order of court." Hence, the unequivocal language necessary to preclude the court from modifying maintenance was not present.

## II.

■ Husband also asserts that wife was required to seek review, if any, of the agreed upon "maintenance in gross" within the 24 months during which maintenance was due. He argues that since wife filed her motion seeking further maintenance after his obligation under the decree had expired, the court was without further jurisdiction to review the issue of maintenance. We are not persuaded by these arguments.

Authority to modify maintenance is derived from § 14–10–122(1)(a), C.R.S. (1987 Repl.Vol. 6B). *In re Marriage of Ward*, 740 P.2d 18 (Colo.1987). That section provides that:

"*[A]ny decree* respecting maintenance may be modified only as to installments accruing subsequent to the motion for

modification and only upon a showing of changed circumstances so substantial and continuing. The provisions as to property disposition may not be revoked or modified unless the court finds the existence of conditions that justify the reopening of the judgment. (emphasis added)

In *In re Marriage of Sinn*, 696 P.2d 333 (Colo.1985), our supreme court has construed the words "any decree" as those terms are used in § 14–10–122(1)(a). There, it stated:

"We construe the words 'any decree' to mean *all* maintenance decrees, not just open-ended decrees. The statute draws no distinction between open-ended maintenance awards and awards of a fixed duration, and we see no sound basis for reading such a distinction into the statute.... In our view, section 14–10–122 authorizes the modification of those awards traditionally labeled as maintenance in gross even though the decree does not expressly reserve the power to modify the order.... Only where the parties have expressly agreed to preclude modification under section 14–10–112(6), should maintenance be incapable of modification." (emphasis in original)

Husband argues that *In re Marriage of Sinn, supra*, is not dispositive of the jurisdiction question because, in that case, the trial court had expressly provided for a review of maintenance at the end of six months. Here, in contrast, wife filed her motion seeking modification after the last monthly maintenance payment had been due and paid.

■ We recognize that, in *Sinn*, the court did not directly address the issue of *when* a motion to modify an award of maintenance in gross must be filed. Nevertheless, we conclude that the *Sinn* reasoning remains persuasive and, therefore, hold that § 14–10–122(1)(a) authorizes the court to modify this determinable award of maintenance.

This conclusion is buttressed by the fact that, in *In re Marriage of Sinn, supra*, our supreme court expressly overruled *In re Marriage of Gallegos*, 41 Colo.App. 116,

580 P.2d 838 (1979), in which a division of this court had interpreted § 14–10–122(1)(a) narrowly as here urged by husband. In doing so, the court concluded that § 14–10–122 authorizes the modification of those awards traditionally labeled as maintenance in gross, even though the decree does not expressly reserve the power to modify the order.

By interpreting § 14–10–122 to mean that all maintenance decrees are capable of being modified regardless of whether the trial court has expressly retained jurisdiction (unless the parties expressly agree otherwise), the court in *Sinn* observed that its conclusion was consistent with public policy and the liberal objectives of the Uniform Dissolution of Marriage Act, as set forth in § 14–10–102, C.R.S. (1987 Repl.Vol. 6B).

It further elaborated, in footnote 4, that: "A trial court should be free to determine if there is a need for and ability to pay maintenance based upon the *actual situation* of the parties at the time the request is made. Trial courts should not be required to speculate or guess as to what the parties' financial situation will be several years in the future, with no possibility of relief should the anticipated events not occur...." (emphasis in original)

Consistent with this view, we conclude that it is not appropriate under the facts of this case to limit the dependent spouse's access to a court, nor to limit the court's jurisdiction, in regard to the issue of whether a modification of support is appropriate where an actual need for further or continued support may not be apparent during the term of limited maintenance and the parties have provided for further court orders.

■ Conversely, even though the specific period for payments has expired, a court should not be deprived of the authority to modify an award of determinable maintenance based solely on the desire of promoting the goals of finality and permanency of a dissolution decree. *See In re Marriage of Marshall*, 394 N.W.2d 392 (Iowa 1986). Instead, *In re Marriage of Sinn*, 674 P.2d

**840**

988 (Colo.App.1983) (Sternberg, J., dissenting), *rev'd, In re Marriage of Sinn, supra,* states:

> "[F]inality to litigation is a strong competing interest. However, ... ensuring reasonable support for one with precarious financial security must hold sway even when the price is a subsequent hearing."

■ This court has previously recognized, implicitly, that § 14–10–122 gives a trial court continuing jurisdiction over the amount and duration of court-ordered maintenance. *See In re Marriage of Lodholm,* 35 Colo.App. 411, 536 P.2d 842 (1975). In contrast, when maintenance is not awarded as part of the initial decree and yet a future need is anticipated, we have approved of the use of a nominal award of maintenance to preserve the trial court's jurisdiction for later review. *See In re Marriage of Reeser,* 635 P.2d 930 (Colo. App.1981); *In re Marriage of Davis,* 35 Colo.App. 447, 534 P.2d 809 (1975). Therefore, in view of this case law, we reject husband's argument that a determinable award of maintenance in which all installments have been timely paid is equivalent to an initial decree that denies maintenance.

Nor do we accept his contention that to allow reopening of this issue will cause a flood of such motions. It is our view that the strict standard of § 14–10–122 will be a sufficient deterrent to discourage repeated or insubstantial motions for modification. *See* 9A *Uniform Laws Annot.* § 316, comment a at 490 (1987).

In urging us to determine that if a court, as here, has not expressly reserved jurisdiction, it retains authority to extend maintenance beyond the original term only if the petition for modification is filed before the end of that period of time, husband cites *Rice v. Rice,* 173 Ill.App.3d 1098, 123 Ill.Dec. 630, 528 N.E.2d 14 (1988). However, we find this authority to be distinguishable.

In Illinois, a maintenance award may be modified "only upon a showing of a substantial change in circumstances." In contrast, § 14–10–122 allows modification "only upon a showing of changed circumstances so substantial and continuing *as to make the terms unconscionable.*" Therefore, our modification statute places a heavier burden upon the one who seeks modification. *In re Marriage of Udis, supra; In re Marriage of Lodholm, supra.*

■ A motion to modify is not considered under the same standard as an original award, for to do so would give no real meaning to § 14–10–122 and would result in the filing of motions to modify each time there is any change in the earning ability or needs of a party. *In re Marriage of Anderson,* 638 P.2d 826 (Colo. App.1981). The issue is not whether, based on the current financial circumstances of the parties, the court would have ordered the same amount of support. Instead, the question is different: Have the terms of the original award become unfair, *i.e.,* unconscionable. *See In re Marriage of Anderson, supra.*

In summary, we hold that when maintenance is awarded as part of a decree of dissolution and the parties have not by agreement expressly precluded the court's further jurisdiction, § 14–10–122 authorizes the court to consider a motion to modify which is filed after the original obligation has ended. *See In re Marriage of Rush,* 699 P.2d 65 (Mont.1985) (the fact that no further payments are due does not, as a matter of law, preclude an additional maintenance award). *See also In re Marriage of Marshall,* 394 N.W.2d 392 (Iowa 1986). *Cf. Rice v. Rice, supra.*

### III.

■ Next, husband maintains that the trial court abused its discretion in determining that the prior order of maintenance was unconscionable. And, wife contends that the court erred in reducing maintenance to $250 per month. We disagree with both contentions.

■ What constitutes "appropriate employment" as that phrase is used in § 14–10–114(1)(b), C.R.S. (1986 Repl.Vol. 6B) requires that a party's economic circumstances and reasonable expectations es-

tablished during the marriage be considered. The terms "reasonable needs" and "appropriate employment" are not to be viewed narrowly. *In re Marriage of Olar*, 747 P.2d 676 (Colo.1987). In addition, the fact that a spouse who originally qualified for an award of maintenance enjoys an increase in income does not necessarily preclude further maintenance. *In re Marriage of Udis, supra.*

Here, the trial court found that, in agreeing as to the duration of maintenance, both parties had assumed a set of circumstances that had not come to pass. Wife applied herself very well in the work force and was earning $1,500 per month. However, she had been unable to raise her standard of living "anywhere close" to that which was enjoyed during the marriage. In addition, wife had been required to expend for living expenses funds she received from the division of property. Although wife's total monthly needs appeared to remain constant, she also was now required to maintain her own living quarters at an additional cost of $733 per month. The court concluded that the disparity of income between the husband and wife was such that continuing maintenance was necessary although, under all of the circumstances then present, the amount necessary to give her an adequate income was reduced from the original award.

Based on these findings and conclusions, we conclude that the trial court acted within its discretion both in determining that the unconscionability standard had been met and that $250 per month maintenance was reasonably needed to meet wife's needs. *See In re Marriage of Perlmutter*, 772 P.2d 621 (Colo.1989).

### IV.

 Finally, wife asserts that the trial court erred in denying her an award of attorney fees solely because it found that husband had reason to believe that his duty to pay maintenance would terminate after the 24-month period. We agree.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, § 5(3),

 An award of attorney fees should be made for the purpose of apportioning costs and fees equitably between the parties and should not be used as a means of punishing a party for his or her actions. *In re Marriage of Hauger*, 679 P.2d 604 (Colo.App.1984).

Here, the court acknowledged that attorney fees should be awarded to wife based on the disparity in the financial situations of the parties. Therefore, we remand this issue to the trial court for a reconsideration of wife's request.

The portion of the order denying wife's request for attorney fees is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein. In all other respects, the order is affirmed.

DUBOFSKY and SILVERSTEIN,* JJ., concur.