No. 3-04-0541

____________________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

In re MARRIAGE OF   ) 

CARMEN A. RODRIGUEZ,   )    Appeal from the Circuit Court of

Petitioner-Appellant,   ) the 12
th
 Judicial Circuit, 

                 ) Will County, Illinois  

   )

and   ) No. 97-D-16672

   ) 

   ) 

               )

ARMANDO E. RODRIGUEZ,   ) Honorable William McMenamin

Respondent-Appellee.   ) Judge, Presiding

   )

______________________________________________________________________________

JUSTICE O’BRIEN delivered the opinion of the court:

______________________________________________________________________________ 

Pursuant to an order entered October 7, 1999, dissolving the marriage of Carmen and Armando Rodriguez, the trial court awarded to Carmen maintenance of $320 per week “reviewable within four years.” On November 7, 2003, Armando moved to terminate the withholding order that secured the maintenance obligation, claiming he had fulfilled the obligation.  Carmen filed a response to Armando’s motion to terminate, asserting essentially that Armando had not alleged sufficient cause to terminate Carmen’s maintenance.  On February 2, 2004, the trial court issued an order finding it lacked jurisdiction to extend or continue Carmen’s maintenance after the expiration of the four-year period.  The trial court based its decision on the case of 
Rice v. Rice
, 173 Ill. App. 3d 1098, 528 N.E.2d 14 (1988).  Carmen filed a motion for reconsideration and Armando filed a motion requesting a judgment that the maintenance he had paid from the date he filed his original petition to the date of the court’s February 2 order be reimbursed.  Carmen also filed a petition for review of maintenance.  On May 13, 2004, the trial court denied Carmen’s motion to reconsider and found her petition for review of maintenance to be moot.  On June 18, 2004, the trial court ordered Carmen to reimburse Armando $4,480 in overpaid maintenance.  Carmen appeals the ruling of the trial court.
 We reverse the trial court’s orders.

FACTS

The record on appeal indicates the following narrative.  In furtherance of the dissolution of the marriage of Carmen and Armando Rodriguez, a hearing was held in April of 1999, pursuant to an apparent court-recommended settlement agreement. Proofs were submitted and the trial court ordered Armando to pay to Carmen $413 per week in maintenance.  In July of 1999, another hearing was held based on Armando’s motion to vacate the proofs with respect to maintenance.  As of the date of the July hearing a settlement agreement had not been entered.  On September 8, 1999, the trial court stated
 
the “whole order dealing with the prove-up” and “the entire settlement agreement” was vacated.  The court stated it had erred in providing a percentage figure as a suggested basis for a settlement and informed the parties they needed to “start over.”  The court entered an order reducing Armando’s maintenance obligation to $300 per week  and set the matter of maintenance for hearing on October 7, 1999.

At the October 7, 1999, hearing, the trial court reiterated it had erred in giving a recommended percentage figure for the maintenance award and further stated, “I didn’t consider the element the law requires, the time in which a person receiving maintenance would be able to support herself.”  The testimony at the hearing indicated in part that, at the time, Carmen was working at Kohl’s as a sales associate, earning $6.79 per hour.  She had primarily spent her marital time as a homemaker.  Before her marriage she had worked as a petty cashier typing checks for the Campbell Soup company.  Carmen did not have a high school diploma or any college or trade school education.  She had attended a park district computer program; however, she did not have a computer at the time.  Carmen testified she had a medical condition and was under doctor’s orders to work no more than 15 hours a week which, at her present employment, would garner approximately $7,000 a year.  Carmen’s expenses were approximately $3,000 per month, including medical bills.  Armando testified he was then earning approximately $25 an hour in a company with no mandatory retirement age.  His earnings for 1998 were $89,000.  He did not currently work as much overtime as he had in the past.  Armando’s  expenses were approximately $2,000 per month.  The parties agreed the property distribution was about a 50-50 split.  Carmen retained the marital home, which she testified was in need of repair.  Armando was then living in a basement apartment. 

At the close of the testimony, Carmen’s attorney argued that “the word rehabilitative ***or the word temporary should not apply” to the case.  Armando’s attorney asserted Carmen had a duty to maximize her income including looking for alternate possibilities of employment.  The trial court in closing stated: 

“After this divorce is over, she could go to the 15 hours a week. ***I don’t see any reason to take my calculations too much.  I will order $320 weekly by way of maintenance, and same to be reviewable within four years from the date of judgment.”      
 

Thereafter, the parties signed the judgment for dissolution of marriage and the marital property settlement agreement.  The maintenance section of the property settlement agreement was scratched out in several places; having been drafted for the earlier April 1999 agreement, it was inapplicable to the current agreement.  Under article III of the marital settlement agreement, the parties hand-drafted the following addition to section 3.1, entitled “Maintenance”:  “Husband shall pay $320/week commencing 10-8-99, & this award is reviewable within 4 years.”  The parties also added two additional criteria for the automatic termination of maintenance under section 3.2 of article III of the marital settlement agreement:  the remarriage of the wife and the cohabitation of the wife as defined by statute. As with the additions in section 3.1 of article III of the marital settlement agreement, the parties wrote these additions by hand and initialed them.  The trial court entered the judgment for dissolution and an order setting maintenance at $320 per week. 

On November 7, 2003, Armando moved to terminate the withholding order that secured the maintenance obligation, claiming he had fulfilled the obligation.  Carmen filed a response to Armando’s motion to terminate, asserting essentially that Armando had not alleged sufficient cause to terminate Carmen’s maintenance.  On February 2, 2004, the trial court issued the following order:

“This cause coming before the court on the Defendant’s motion to Terminate Maintenance, the court having heard the representations of the parties and the arguments and suggestions of counsel, finds:

1. That Article III of the Judgment for Dissolution of Marriage provided: Husband shall pay $320.00 per week commencing 10-8-99, & this award is reviewable within four years.  

2. That no request for review or other action was taken by the Plaintiff to extend maintenance within the four-year period ending 10-7-2003.

3. That the court is without jurisdiction to entertain any request for maintenance or continuation of maintenance after the expiration of the four-year period. 
Rice v. Rice
, 173 Ill. App. 3d 1098, 528 N.E.2d 14 (1988).  

4.  Rule discharged per order of January 22, 2004. [unrelated rule to show cause petition].”

Carmen filed a motion for reconsideration and Armando filed a motion requesting a judgment that the maintenance he had paid from the date he filed his original petition to the date of the court’s February 2 order be reimbursed.  Carmen also filed a petition for review of maintenance.  On May 13, 2004, the trial court denied Carmen’s motion to reconsider and found moot her petition for review of maintenance.  On June 18, 2004, the trial court ordered Carmen to repay Armando $4,480 in overpaid maintenance.  Carmen appeals the trial court’s rulings.

ANALYSIS

   
On appeal, Carmen asserts the trial court erred in concluding it did not have the jurisdiction to review the maintenance provision of the property settlement agreement.  Whether the trial court 
had proper jurisdiction is an issue we review 
de novo
. 
Reyes v. Court of Claims
, 299 Ill. App. 3d 1097,1101, 702 N.E.2d 224, 228 (1998).   In finding it lacked jurisdiction to review the maintenance agreement after four years had passed, the trial court relied solely on the case of 
Rice v. Rice
, 173 Ill. App. 3d 1098, 528 N.E.2d 14 (1988).   In 
Rice
, the trial court had determined the respondent was entitled to receive maintenance for the limited period of 42 months or until her death or remarriage, to enable her to acquire sufficient education and training to find appropriate employment.  
Rice
, 173 Ill. App. 3d at 1099, 528 N.E.2d at 15. The court did not reserve jurisdiction to review the award at the end of the 42-month period.  
Rice
, 173 Ill. App. 3d at 1099, 528 N.E.2d at 15.  By the time the respondent filed a motion to extend the maintenance award, the original time period for maintenance had expired.  
Rice
, 173 Ill. App. 3d at 1100-01, 528 N.E.2d at 16.  Upon review, the appellate court held that despite the fact that the original maintenance award lacked a provision for review, the trial court had jurisdiction to modify the maintenance award, provided the petition to modify was filed during the period set for rehabilitative maintenance. 
Rice
, 173 Ill. App. 3d at 1102, 528 N.E.2d 17.  Because the respondent had filed her petition after the original award had been paid in full, and because the court issuing the original order had not reserved jurisdiction to review the award, the appellate court agreed with the trial court that it lacked jurisdiction to consider the respondent’s petition.  The 
Rice
 decision recognized the continuing authority of a court to modify a maintenance order in the absence of any reservation by the court to review the order at some future time (
In re Marriage of Carpel
, 232 Ill. App. 3d 806, 825, 597 N.E.2d 847, 861 (1992)), and is in keeping with the numerous cases in which it has been stated that upon a showing of a substantial change in circumstances, all maintenance awards are reviewable. 
In re Marriage of Selinger
, 351 Ill. App. 3d 611, 617, 814 N.E.2d 152, 159 (2004); 
In re Marriage of Bauer
, 138 Ill. App. 3d 379, 390, 485 N.E.2d 1318, 1325 (1985).            

The power of the court also includes the authority to award time-limited maintenance with a provision for review. 
In re Marriage of Martin
, 223 Ill. App. 3d 855, 861, 585 N.E.2d 1158, 1163 (1992). The purpose of a time limit on the award is generally intended to motivate the recipient spouse to take the steps necessary to attain self-sufficiency. 
In re Marriage of Wilder
, 122 Ill. App. 3d 338, 352, 461 N.E.2d 447, 456 (1983). At the end of the specified time period,  the court determines whether the maintenance award should be extended. 
Martin
, 223 Ill. App. 3d at 861, 585 N.E.2d at 1163.   Where the courts have provided for reviewable maintenance awards, the reviews, seemingly without exception, are to take place at the end of the stated period of time.  See 
Martin
, 223 Ill. App. 3d at 860, 585 N.E.2d at 1162 (“‘ [maintenance] to continue for a period of 24 months to be reviewed *** at the end of that time’”); 
In re Marriage of Hucker
, 259 Ill. App. 3d 551, 551-52, 631 N.E.2d 299, 300 (1994) (maintenance award to be reviewed 
after
 March 1, 1993, or at time of full-time employment); 
In re Marriage of Haas
, 215 Ill. App. 3d 959, 965, 574 N.E.2d 1376, 1379 (1991) (maintenance award was reviewable in 18 months).   In 
In re Marriage of Heller
,  in finding the trial court abused its discretion in awarding permanent maintenance, the appellate court stated, “it would have been more appropriate for the trial court to have reserved for review the maintenance award 
after
 a given period of time.” (Emphasis added.) 
In re Marriage of Heller
,153 Ill. App. 3d 224, 235, 505 N. E.2d 1294, 1301 (1987).  Even where the trial court’s language is ambiguous, a court of review has assumed the review was to take place after the specified time period.  In I
n re Marriage of Werries
, 247 Ill. App. 3d 639, 653, 616 N.E.2d 1379, 1391 (1993),  the trial court specified a four-year period of maintenance and provided that “during the fourth year, a review hearing may be scheduled at the request of either party to consider extending maintenance for a finite or indefinite period of time.” In upholding the trial court’s award of maintenance, the appellate court noted, “[i]t was no abuse of discretion for the trial court to allow for the maintenance to be reviewable after four years.” 
Werries
, 247 Ill. App. 3d at 653-54, 616 N.E.2d at1391. 

In the present case, Armando does not dispute that the trial court ordered “reviewable” maintenance.   Armando asserts, however, that because Carmen did not petition for review “within” the four-year period as stipulated in the trial court’s order, she is forever barred from seeking an extension of maintenance.  We disagree.  The trial court did not state that maintenance would terminate at the end of four years.  The agreement specified the terms that would lead to termination: death of either Carmen or Armando, or the cohabitation or remarriage of Carmen.  Moreover, the trial court clearly provided for review of the maintenance award.   In this respect, the present case is distinguished from 
Rice
, in which the court ordered time-limited maintenance with no provision for review.  

Although the trial court in the present case did not make a specific finding that Carmen’s maintenance was rehabilitative, the language used by the court indicates it contemplated the possibility.  It follows that the time the court provided for Carmen’s maintenance was intended as time for her to attempt to gain financial independence.  The order did not specify it would terminate at the end of the four-year period but, rather, provided for review of the award.  That the court provided for a review indicates the court contemplated the possibility that at the end of four years Carmen would not necessarily be self-sufficient.  Therefore, Armando’s argument that Carmen could not seek review of the maintenance award after the four-year period lapsed is contrary to the intent of rehabilitative maintenance.   We find in the present case that the trial court erred in concluding it lacked the jurisdiction to address Carmen’s petition for review.  We agree with the court in 
In re Marriage of Culp
, when it stated that in setting review hearings it would be preferable for the court to advise the parties who has the burden of going forward, who has the burden of proof, and what issues will be addressed. 
In re Marriage of Culp
, 341 Ill. App. 3d 390, 396-97, 792 N.E.2d 452, 457 (2003).  Nevertheless, it is our view that anytime the court provides for maintenance reviewable after a time specified, the court retains jurisdiction to review the maintenance until one or both of the parties petitions for review.  Upon review the trial court can consider whether maintenance should continue and if so, whether the amount should be increased or decreased.  Until a party petitions for review,  the maintenance  award shall continue as ordered.

For the foregoing reasons, we reverse the trial court’s judgment that it lacked jurisdiction to review the maintenance award and vacate the court’s order directing Carmen to pay Armando a sum for “overpayment” of maintenance.  The cause is remanded for proceedings consistent with this opinion.

Reversed in part and vacated in part; cause remanded.

SCHMIDT, J., concurs.

JUSTICE McDADE specially concurs: 

I concur with the decision of the majority that the trial court had jurisdiction to consider the matter of maintenance and with the reversal and remand.  I write separately because I believe there is an alternative interpretation -- fully consistent with the facts -- that I would like to advance.

We have assumed that what the court made reviewable was the entitlement to maintenance.  When we look at the facts, that seems to me to be unlikely. 

Carmen suffers with lupus, fibromyalgia and rheumatoid arthritis, all progressively debilitating diseases with no known cures.  In addition, she has limited education without a diploma or any form of degree and she possesses minimal work skills.  Moreover, the court noted that after the divorce she might be able to increase her weekly work hours to the 
fifteen
 that was the maximum allowed by her doctor.  She was earning $6.79 per hour which would, by my calculation, yield at 15 hours per week for 52 weeks per year, a 
gross
 annual salary of $5,296.20 or $441.35 per month.  Her monthly expenses, including medical bills, were $3,000.  She could not maintain herself for even two full 
months
 on what she was able to earn in a year.  Even with the $320.00 per week ($1,280 per month from her former husband), she was still bringing in only a little over half of her monthly expenses.  

This dissolution ended a marriage of 
29
 years.  Armando earns $89,000 per year with no mandatory retirement age; Carmen earns approximately $5,300 per year with annual estimated expenses of $36,000.  

Because the circuit court could not reasonably have believed, on these facts, that she could have significantly improved her financial situation, I would suggest that she was awarded permanent maintenance, as her attorney had requested, and that what the court made reviewable was the 
amount
 of maintenance.  We can, I think, reasonably infer that  the court felt four years was enough time for Carmen to see if she could manage on that amount and for Armando to amass any arguments that she could survive on less.  This interpretation also, in my opinion, makes more sense of the court’s use of the word "within" rather than "after".

For the foregoing reasons, I concur in the decision of the majority that the court retained jurisdiction and to reverse and remand the matter for further consideration.