2020 IL App (2d) 190053-U
No. 2-19-0053
Order filed July 22, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| PAULA LEACH, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 94-D-988 |
| | ) | |
| EMMETT LEACH, | ) | Honorable |
| | ) | Joseph Grady, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Bridges concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly denied respondent's section 2-1401 petition to vacate its final order requiring him to contribute to his children's college expenses; respondent alleged that the order was void due to lack of subject matter jurisdiction because it failed to follow relevant statutory dictates. Affirmed.

¶ 2   In this post-dissolution of marriage case, respondent, Emmett Leach, appeals *pro se* from the denial of his "motion" to vacate pursuant to 735 ILCS 5/2-1401 (West 2018). Respondent argues that the trial court lacked subject matter jurisdiction to enter its final order on petitioner's, Paula Leach's, petition for contribution to the college expenses of the parties' three children. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     A judgment for dissolution of marriage incorporating a marital settlement agreement was entered in the underlying case in August 1994.  Petitioner received primary residential care of the parties' three minor children.  Respondent agreed to contribute to college expenses, although his support payments to petitioner would cease with the children's emancipation.  The parties subsequently entered into an oral agreement regarding how to pay for the children's college expenses, and respondent continued to pay nearly $1000 per month to petitioner beyond the emancipation of the youngest child.

¶ 5     In January 2016, respondent filed a motion to terminate child support.  The trial court's order, drafted by respondent's counsel, stated:  "All three children have reached the age of emancipation.  Child support is to terminate instanter.  Petitioner shall file a motion for contribution towards college expenses.  Court maintains jurisdiction for this issue."

¶ 6     Petitioner filed her petition for contribution to college expenses in March 2016.  The petition stated that "following the entry of the Judgment for Dissolution of Marriage, the parties entered into an oral agreement for each of the parties to contribute to the college expenses of the children."  In his response, respondent stated that he agreed to these allegations.

¶ 7     In February and March 2017, the trial court heard the parties' testimony and received exhibits into evidence,  Following argument on March 2, the court found that the parties were equally responsible for paying college expenses pursuant to their marital settlement agreement after a 20% contribution from each child.  The court also found that respondent was entitled to a $50,000 credit toward his obligation, which represented his monthly payments to petitioner after the youngest child graduated from high school until his payments stopped in December 2015.

¶ 8     The court's findings regarding how the parties were to pay their shares of the expenses were detailed in the final order of December 11, 2017.  Respondent's motion to reopen proofs and reconsider was heard and denied on April 11, 2018.  The record contains no reports of proceedings or bystanders' reports relating to the proceedings in February, March, and April.

¶ 9     In September 2018, petitioner filed a petition for rule to show cause alleging respondent was in violation of the December 11, 2017, order in that he had failed to make any payments to petitioner.  The trial court entered an order to show cause.  Subsequently, the court granted respondent a continuance to show cause why he should not be held in contempt, but it was contingent upon respondent making two payments to petitioner.  Respondent did not make the payments and was found in contempt.  On November 15, 2018, respondent moved to vacate the December 11, 2017, order on jurisdictional grounds.  After hearing argument, the trial court denied respondent's section 2-1401 petition.  Respondent timely appealed.

¶ 10                              II. ANALYSIS

¶ 11                         A.  Subject Matter Jurisdiction

¶ 12     Respondent's contention that the trial court lacked subject matter jurisdiction to require respondent "to contribute to the educational expenses of his daughters" is based on 735 ILCS 5/513 (West 2016).  Section 513 provides, *inter alia*, that "[u]nless otherwise agreed to by the parties," educational expenses "shall be incurred no later than the student's 23rd birthday" and that, in making awards, "the court shall consider all relevant factors that appear reasonable and necessary, including *** the present and future financial resources of both parties" and the "financial resources of the child."  735 ILCS 5/513(a), (j) (West 2016).  According to respondent, in entering its order of December 11, 2017, the trial court, failed to follow the dictates of section 513, rendering the order void for lack of subject matter jurisdiction.  We review *de novo* a section 2–

1401 petition that raises "a purely legal challenge to a judgment by alleging that it is void under subsection (f) of section 2–1401." *Warren County Soil & Water Conservation Dist. v. Walters*, 2015 IL 117783, ¶ 47 (citing *People v. Vincent*, 226 Ill.2d 1, 5 (2007)).

¶ 13    Respondent misapprehends subject matter jurisdiction. Subject matter jurisdiction "refers to a tribunal's power to hear and determine cases of the general class to which the proceeding in question belongs." *Zahn v. N. Am. Power & Gas, LLC*, 2016 IL 120526, ¶ 13. The circuit court "is where post-dissolution matters are heard." *In re Marriage of Kuyk*, 2015 IL App (2d) 140733, ¶ 16. Once petitioner filed her petition, "the trial court's subject matter jurisdiction was triggered and it possessed the authority to adjudicate her claims." *Id.* Although enacted legislation may contain what appear to be conditions precedent to the circuit court's exercise of subject matter jurisdiction, they are not, in fact, jurisdictional prerequisites. See *Advanced Physicians, S.C. v. Provena Glenwood Med. Imaging*, 2018 IL App (3d) 170296, ¶ 21 (addressing the 'interested persons' limitation written into the Claims Fraud Prevention Act). In other words, "not every error made by the trial court or every failure to strictly comply with the provisions of the statute creating the justiciable matter is an act in excess of statutory authority that renders the court's judgment void." *In re M.W.*, 232 Ill. 2d 408, 422 (2009). Simply put, the defect appellant relates may be erroneous but the court had subject matter jurisdiction. The claimed error the trial court committed was within the authority of the court to enter and thus, was *not* void.

¶ 14    Assuming, *arguendo,* that we could address the merits of the claimed error, the attempt fails because appellant has submitted an incomplete record on appeal. As the appellant, respondent had the duty of providing this court with a sufficiently complete record of the proceedings below to support his claim of error. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). The record before us is void of any

transcripts from the hearings on the petition for contribution and the motion to reconsider, or any acceptable substitutes such as bystanders' reports or agreed statements of facts (although the record does include a report of proceedings from the hearing on the section 2-1401 petition) (Ill. S. Ct. R. 323 (eff. July 1, 2017)). Accordingly, we do not know what factors the trial court considered in deciding the petition for contribution or the motion to reconsider and, instead, must presume that its rulings had sufficient factual bases and were in conformity with the law. See *Foutch*, 99 Ill. 2d at 393 (without transcript of proceedings or bystanders report, the reviewing court must presume the trial court's ruling was in conformity with the law).

¶ 15    Additionally, we note that the marital settlement agreement shows the parties' intent to share the cost of their children's college educations, and the pleadings establish that they subsequently entered into an oral agreement regarding how they would pay those expenses. Although respondent suggests that section 513 should take precedence over the parties' agreement, he does not argue, or cite authority, for this proposition. "[M]ere contentions, without argument or citation of authority, do not merit consideration on appeal." *Palm v. 2800 Lake Shore Drive Condo. Ass'n*, 401 Ill. App. 3d 868, 881 (2010).

¶ 16    We reject respondent's argument that the December 11, 2017, order is void for lack of subject matter jurisdiction.

¶ 17                              B.  Factual Allegations

¶ 18    A fact-dependent challenge to the order of December 11, 2017, underlies respondent's legal argument that the trial court lacked subject matter jurisdiction to enter it. The purpose of a section 2-2401 petition is to bring before the court factual matters that were unknown at the time the judgment was entered, and if known, would have affected or altered the judgment. *In re Marriage of Lindjord*, 234 Ill. App. 3d 319, 325 (1992). When a section 2–1401 petition presents

a fact-dependent challenge to a final judgment, "the petitioner must set forth specific *factual* allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense; and (3) due diligence in filing the section 2–1401 petition for relief." (Emphasis in original.) *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51. A section 2-1401 petition must be "supported by affidavit or other appropriate showing for matters not in the record." *Id.* ¶ 31. The "quantum of proof necessary to sustain [the] petition is a preponderance of the evidence, and the circuit court's ultimate decision on the petition is reviewed for an abuse of discretion." *Id.* ¶ 51. A trial court abuses its discretion only where no reasonable person would take the view adopted by the court. *Janis v. Graham*, 408 Ill. App. 3d 898, 905 (2011).

¶ 19 Respondent's petition satisfies none of the above requirements for fact-dependent challenges to final judgments. It does not bring before the court factual matters that were unknown at the time the judgment was entered. It does not mention a meritorious defense or due diligence. Although the petition and a supporting affidavit both reference an "Affidavit of Income and Expense," the contents of such a document are not described, nor is the document in the record on appeal. Finally, the petition does not address preponderance of the evidence or abuse of discretion.

¶ 20 Respondent's allegations were aired at the hearing on his petition, and we are convinced from our review of the report of those proceedings that the court did not abuse its discretion in denying the petition's factual challenge to the December 11, 2017 order.

¶ 21                                      III. CONCLUSION

¶ 22 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 23 Affirmed.